UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FERRILL J. VOLPICELLI,<br><br>Petitioner,<br>v.<br><br>ROBERT LeGRAND, et al.,<br><br>Respondents. | Case No. 3:14-cv-00579-MMD-VPC<br><br>ORDER |

Petitioner has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the filing fee. (Dkt. nos. 1-1, 1-2, and 3.) The Court notes that petitioner has a previous case under 28 U.S.C. § 2254 with respect to the conviction challenged in this newly-submitted petition: *Volpicelli v. Palmer*, 3:10-cv-00005-RCJ-VPC.[1] In that proceeding, the court entered judgment against the petitioner on the merits. (Dkt. nos. 58 and 59, 3:10-cv-00005-RCJ-VPC.)

Under 28 U.S.C. § 2244(b), where the petitioner has previously filed an application for habeas relief under section 2254 which has been denied on the merits, the court cannot grant relief with respect to a claim that was presented in a prior application ((b)(1)) or a claim that was not presented in a prior application ((b)(2)) unless:
>  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[1] Both the current petition and the petition in 3:10-cv-00005-RCJ-VPC challenge petitioner's conviction in case number CR03-1263 in the Second Judicial District Court, Washoe County, Nevada.

>>(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>>(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In addition, 28 U.S.C. § 2244(b)(3) requires a petitioner to obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court.

As grounds for bringing this second petition, petitioner appears to be relying on the fact that the state court entered, on June 18, 2013, an amended judgment of conviction in relation to the conviction and sentence challenged in his prior federal habeas proceeding. (Dkt. no. 1-1 at 7-8.) The amendment, however, involved only the assessment of certain fees and had no impact whatsoever on petitioner's underlying conviction or sentence. (Dkt. no. 1-2 at 16-17.)

The Ninth Circuit in *Wentzell v. Neven*, 674 F.3d 1124, 1126–1127 (9th Cir. 2012), applying *Magwood v. Patterson*, 561 U.S. 320 (2010), held that the latter of two petitions is not "second or successive" if there is a "new judgment intervening between the two habeas petitions," even if the second petition effectively challenges unamended portions of the judgment. *Wentzell*, 674 F.3d at 1126–27. Petitioner's case is, however, distinguishable from the circumstances in *Magwood* and *Wentzell*. In *Magwood*, the judgment was amended after the petitioner was granted federal habeas relief and the state trial court held a new sentencing hearing and issued a new sentence. In *Wentzell*, the judgment was amended after the petitioner was granted state habeas relief, and had one of three counts dismissed.

By contrast, petitioner's amended judgment merely excused him from paying fees for genetic testing and for appointed counsel. There is nothing to indicate that the modification had any effect on the finality of his judgment of conviction or sentence. Unlike in *Magwood*, petitioner was not resentenced. And unlike in *Wentzell*, petitioner's conviction and sentencing on each count remained undisturbed, with the state court not

2

reopening any issue decided in relation to either component of the original judgment. In short, there was no re-adjudication of the state criminal case against him that qualifies an intervening judgment as contemplated in *Magwood* and *Wentzell*.

Petitioner has not made a sufficient showing that the exceptions outlined in 28 U.S.C. § 2244(b)(2) apply. Further, he has failed to secure an order from the court of appeals authorizing this action as required by 28 U.S.C. § 2244(b)(3). Therefore, this Court is without jurisdiction to consider the habeas petition submitted herein.

*Certificate of Appealability*

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability); *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of appealability is required when the district court dismisses a motion on the ground that it is an unauthorized, successive collateral attack). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a § 2254 petition is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has not made a substantial showing of the denial of a constitutional right or that a reasonable jurist would find it debatable whether the district court was correct in its procedural ruling. Therefore, the Court denies a certificate of appealability.

It is therefore ordered that the Clerk shall file the petition for writ of habeas corpus (currently docketed as dkt. nos. 1-1 and 1-2).

It is further order that the petition is dismissed without prejudice. The Clerk shall enter judgment accordingly. A certificate of appealabilty is denied.

///

3

It is further order that petitioner's motions to proceed *in forma pauperis* and for appointment of counsel (dkt. nos. 1 and 4) are denied as moot.

DATED THIS 15th day of May 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4