UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FERRILL J. VOLPICELLI,<br><br>                Petitioner,<br>   v.<br><br>ROBERT LeGRAND, et al.,<br><br>                Respondents. | Case No. 3:14-cv-00579-MMD-VPC<br><br>ORDER |

      Petitioner has filed a motion to re-open this habeas corpus proceeding. (ECF No. 19.)

      On May 15, 2015, this Court dismissed this action because petitioner had a previous case under 28 U.S.C. § 2254 with respect to the conviction he seeks to challenge (*Volpicelli v. Palmer*, 3:10-cv-00005-RCJ-VPC) and petitioner had not received authorization under 28 U.S.C. § 2244(b)(3) to file a second or successive habeas petition. (ECF No. 5.) The United States Court of Appeals for the Ninth Circuit denied petitioner's request for a certificate of appealability with respect to that dismissal. (ECF No. 15.)

      However, the court of appeals subsequently determined that, because petitioner "has not had a habeas petition challenging an amended judgment entered by the state court on June 18, 2013, which was adjudicated on the merits," petitioner did not need authorization to file a new habeas petition. (ECF No. 19 at 6-8.) The court suggested that petitioner file another habeas petition challenging the 2013 judgment. (*Id.* at 8.)

Rather than require petitioner to file a new petition, this Court will grant his motion to re-open this case. In doing so, however, this Court maintains grave doubts as to the viability of petitioner's efforts to obtain habeas relief. As noted in this Court's previous order dismissing this case, the 2013 amendment to petitioner's state judgment of conviction involved only the assessment of certain fees and had no impact whatsoever on petitioner's underlying convictions or the length of his sentences. (ECF No. 5 at 2.) In short, there was no re-adjudication of the state criminal case that would give rise to new grounds for habeas relief. Indeed, petitioner concedes that all but two of the claims in his petition are essentially the same as the ones raised in his prior habeas proceeding. (ECF No. 6 at 2.) The remaining two claims are claims that *could have been* raised in the prior proceeding. (*Id.* at 120-27.)

Some of the claims in petitioner's current petition were rejected on the merits in the prior proceeding. (ECF No. 58 (3:10-cv-00005-RCJ-VPC).) The court of appeals denied petitioner's request for a certificate of appealabilty with respect to the final judgment in that proceeding. (ECF No. 62 (3:10-cv-00005-RCJ-VPC).) The doctrine of res judicata, or claim preclusion, precludes relitigation of the same claims in this proceeding. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); s*ee also Schlup v. Delo*, 513 U.S. 298, 317–323 (1995) (describing the adoption in habeas proceedings, through legislation and judicial decisions, of a modified res judicata doctrine), *noted in Magwood v. Patterson*, 561 U.S. 320, 345 (2010) (J. Kennedy, dissenting on other grounds, joined by C.J. Roberts and JJ. Ginsburg and Alito).

Nearly all of petitioner's claims were determined to be unexhausted in the prior proceeding. ECF No. 38 (3:10-cv-00005-RCJ-VPC). Petitioner moved to dismiss those claims after the Court denied his motion for stay and abeyance. (ECF No. 48 (3:10-cv-00005-RCJ-VPC).) Those claims, as well as petitioner's two "new" claims, are subject to the doctrine of procedural default. *See Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir.

2012) (citing *Magwood*, 561 U.S. at 340, to explain that procedural default rules apply to claims posed after an intervening state court judgment).

In this regard, petitioner appears to be relying upon the appeal he filed in the Nevada Supreme Court in relation to the 2013 amended judgment as the method by which he exhausted all the claims in his current petition. (ECF No. 6 at 4.) Understandably, the Nevada Supreme Court determined that an appeal from an amended judgment that did nothing more than delete fees from a judgment of conviction that became final several years earlier was not the proper vehicle for raising claims originating from that original judgment. (ECF No. 6-1 at 16-17; *see Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that raising a claim in a procedural context in which the claim's merits would not be considered unless there were special and important reasons does not constitute fair presentation for exhaustion purposes).)

At this point, petitioner is barred by Nevada's timeliness and successiveness rules from presenting any of his habeas claims to the Nevada courts. *See* Nev. Rev.Stat. §§ 34.726 and 34.810. Because petitioner no longer has a state remedy available to him with respect to his claims, the claims are technically exhausted, but they are also procedurally defaulted. *See Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006).

In light of the foregoing, this Court will grant petitioner's motion to re-open this case, but will also direct petitioner to show cause in writing why the claims in his petition are not barred by either the doctrine of res judicata or the doctrine of procedural default. If petitioner is unable to do so, this habeas action will be dismissed with prejudice.

It is therefore ordered that petitioner's motion to re-open case (ECF No. 19) is granted.

It is further ordered that the Clerk add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents, and electronically serve a copy of the petition (ECF No. 6) and this order upon the respondents.

It is further ordered that, within thirty (30) days of entry of this order, petitioner must show cause in writing why the claims in his petition should not be dismissed for the

3

reasons set forth above. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further advance notice. If petitioner responds but fails to show that any of his claims should not be dismissed, the action will be dismissed with prejudice.

It is further ordered that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that his claims should not be dismissed. Unsupported assertions of fact will be disregarded.

It is further ordered that the respondents' counsel must enter a notice of appearance within twenty (20) days of the entry of this order, but need not take further action in the case unless and until the Court so orders.

DATED THIS 17th day of November 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE