UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FERRILL J. VOLPICELLI,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:14-cv-00579-MMD-CLB

ORDER

## I.     SUMMARY

This is a habeas corpus proceeding under 28 U.S.C. § 2254 in which Respondents have filed a motion to dismiss (ECF No. 68) in response to Volpicelli's amended petition (ECF No. 49). Respondents raise numerous defenses to the petition. First, they argue that this Court lacks jurisdiction to adjudicate the petition because it is a successive petition under 28 U.S.C. § 2244(b). Next, they argue that Volpicelli's initial petition in this case was untimely under 28 U.S.C. § 2244(d). Alternatively, Respondents argue that all of Volpicelli's claims are unexhausted, procedurally defaulted, redundant, and/or barred by the doctrine of res judicata.  Because the Court finds that all of the claims in Volpicelli's amended petition are either procedurally defaulted, untimely, and/or have been denied on the merits, the Court will grant Respondents' motion.

## II.     PROCEDURAL BACKGROUND

On May 15, 2015, this Court dismissed this action because, at the time, it appeared that Volpicelli's initial petition challenged the same conviction as a petition that had just been denied in a separate case—*Volpicelli v. Palmer*, 3:10-cv-00005-RCJ-VPC. (ECF No. 5.) The Court concluded that it lacked jurisdiction because Volpicelli had not received authorization under 28 U.S.C. § 2244(b)(3) to file a second or successive habeas petition.

(*Id.*) The United States Court of Appeals for the Ninth Circuit denied Volpicelli's request for a certificate of appealability with respect to that dismissal. (ECF No. 16.)

When Volpicelli subsequently sought authorization under § 2244(b)(3), however, the court of appeals determined that it was not required. Citing *Magwood v. Patterson*, 561 U.S. 320 (2010), and *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012), the court of appeals held that, because he had not had a previous habeas petition challenging a 2013 amended state court judgment adjudicated on the merits, Volpicelli did not need authorization to file a new habeas petition. (ECF No. 19 at 6-8.) The court of appeals suggested that Volpicelli file another habeas petition challenging the 2013 amended judgment. (*Id.* at 8.)

Instead of filing a new petition, Volpicelli filed a motion to reopen this proceeding. (ECF No. 19.) This Court granted the motion but noted that "the 2013 amendment to petitioner's state judgment of conviction involved only the assessment of certain fees and had no impact whatsoever on petitioner's underlying convictions or the length of his sentences." (ECF No. 20 at 2; ECF No. 73-34 at 2.) Further noting that many of Volpicelli's claims had already been adjudicated against him and those that had not would almost certainly be barred on procedural grounds in the Nevada courts, the Court ordered Volpicelli to show cause why his petition should not be dismissed. (ECF No. 20 at 2-3.) Rather than attempt to show cause, Volpicelli filed a motion to stay pending state court exhaustion, which Respondents did not oppose. (ECF Nos. 23, 24.) The Court granted the motion. (ECF No. 25.)

In the order concluding Volpicelli's state court post-conviction proceedings, the Nevada Court of Appeals determined that all of his claims were procedurally barred. (ECF No. 75-28.) On February 20, 2018, the Court granted Volpicelli's motion to reopen proceedings and, rather than allow him to supplement his petition as he requested, directed him to file an amended petition containing all of his claims in a single pleading. (ECF No. 42.) After one failed attempt, Volpicelli filed an amended petition on May 8, 2018, containing 27 claims. (ECF No. 49.)

On May 30, 2019, Respondents filed the motion to dismiss now before the Court for decision. (ECF No. 68.)

### III.   DISCUSSION

#### A.   SUCCESSIVENESS

Respondents argue that, despite the Ninth Circuit's order indicating otherwise, the petition in this case must be treated as a successive petition under 28 U.S.C. § 2244(b) and dismissed for lack of jurisdiction. Respondents contend that the Ninth Circuit's intervening decision in *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017), commands this result because it acknowledged that the federal court must look to state law to determine whether an amended judgment is a "new" judgment that allows a petitioner to bypass § 2244(b). On this point, Respondents note that the Nevada Court of Appeals rejected Volpicelli's argument that entry of the 2013 amended judgment meant that the claims in his subsequent post-conviction petition were not subject to Nevada's successiveness bar. (ECF No. 75-28 at 3.) Respondents also note that the court in *Gonzalez* focused on whether, prior to the amendment, the petitioner was being held in custody pursuant to a legally valid judgment. (ECF No. 68 at 2-3 (citing *Gonzalez*, 873 F.3d at 769-70)).

The possible impact of *Gonzalez* aside, the Ninth Circuit's order excusing Volpicelli from the requirements § 2244(b) contains confusing, and perhaps erroneous, holdings. The order notes in both the first and third paragraphs that Volpicelli had yet to have a habeas petition challenging the 2013 amended judgment "*adjudicated on the merits*." (ECF No. 19 at 6-7 (emphasis added).) In the interceding paragraph, however, the order explains that, while this Court erred by dismissing "Volpicelli's "section 2254 habeas petition challenging the 2013 amended judgment" on procedural grounds, the Ninth Circuit nonetheless denied a certificate of appealability ("COA") with respect to that dismissal because "we found that the underlying section 2254 habeas petition *failed to state any federal constitutional claims debatable among jurists of reason.*" (*Id.* (emphasis added).) It is difficult to reconcile these holdings in that a COA determination directed at the

underlying constitutional claims, rather than the procedural issue, is seemingly an adjudication on the merits of the petition. *See Slack v. McDaniel*, 529 U.S. 473, 485 (2000) ("Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding.").

In addition, the Ninth Circuit's order holds that, under *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008), this Court should have construed Volpicelli's habeas petition challenging the 2013 amended judgment "as a motion to amend the applicant's then-pending habeas petition in case number 3:10-cv-00005." (ECF No. 19 at 7.) The problem with this holding is that the "then-pending habeas petition in case number 3:10-cv-00005" was a challenge to Volpicelli's initial 2004 judgment. *See Volpicelli v. Palmer*, No. 3:10-CV-00005-RCJ, 2015 WL 1995230 (D. Nev. Apr. 30, 2015). The petition could not have been both a petition challenging the 2013 amended judgment (as the Ninth Circuit's order clearly characterized it) and a motion to amend the petition challenging the 2004 initial judgment. Indeed, the central point of the order is that Volpicelli's amended judgment entitled him to file a *new* habeas petition.[1]

Returning to Respondents' successiveness argument, this Court agrees that published decisions issued subsequent to the Ninth Circuit's order militate against its conclusion that the 2013 amended judgment constituted a "new" judgment excusing Volpicelli from the requirements of § 2244(b). As mentioned, the amended judgment did not alter in any way Volpicelli's underlying convictions or the length of his sentences. Instead, the amended judgment merely removed a "$150 DNA testing fee" that was duplicative of a fee assessed in a separate case and excused Volpicelli from reimbursing the county $500 for legal representation "due to defendant's inability to pay pursuant to

---

[1]The relevant holding in *Woods* is that a new *pro se* habeas petition filed before the adjudication of a prior habeas petition challenging the *same* conviction is complete should be construed as a motion to amend the pending petition rather than a successive petition. 525 F.3d at 890. There was no intervening amended judgment in *Woods*.

NRS 178.3975(2)." (ECF No. 73-22 at 2-3.) This was done pursuant to a motion filed by Volpicelli that the district attorney did not oppose. (ECF No. 73-18.)

In *Magwood*, the Supreme Court held that, in interpreting the phrase "second and successive" in § 2244(b), the focus must be on the judgment challenged. 561 U.S. at 332–33. Accordingly, "where . . . there is a 'new judgment intervening between the two habeas petitions,' [the petition] challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 341–42. In a recent case, the Ninth Circuit stated as follows:

> The holding in *Magwood* leads to the question of what constitutes a "new judgment." The Court did not provide a comprehensive answer—it simply held that the prisoner's resentencing in that case was a new judgment. *Id.* at 342, 130 S.Ct. 2788. Consequently, since *Magwood*, lower courts have had to decide how significant the change to a judgment must be to create a new judgment.

*Turner v. Baker*, 912 F.3d 1236, 1239 (9th Cir. 2019). Thus, the mere entry of an "amended judgment" is not, in itself, conclusive. This Court must consider the nature of the change effected by the amended judgment.

As noted, this Court "look[s] to state law to determine whether a state court action constitutes a new, intervening judgment." *Gonzalez*, 873 F.3d at 769 (citing *Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017)). The court in *Gonzalez* determined that an adjustment to a sentence to subtract credits for time served from the number of days to which the defendant would have otherwise been sentenced "provided a new and valid intervening judgment pursuant to which he was then being held in custody." *Id.* at 769-70. "Critical[ ]" to that holding was that, "under California law, only a sentence that awards a prisoner all credits to which he is entitled is a legally valid one." *Id.* at 769. The court further explained that "before the amendment, the prisoner was *not* held in custody pursuant to a lawful judgment of the state courts and was being held for a greater number of days than was proper under California law." *Id.* at 769-70 (emphasis in original).

In *Turner*, the court reached a similar conclusion with respect to an amended judgment that altered the original judgment to give a Nevada prisoner credit for time served. *Turner*, 912 F.3d at 1240. That is, the court held that, under Nevada case law, the

original judgment was invalid because it did not include "a defendant's credit for time served." *Id.*

Here, by contrast, there is nothing to suggest that, under Nevada law, Volpicelli was being held in custody under a legally invalid judgment prior to the entry of the 2013 amended judgment. The amendments to the original judgment had no bearing on his custody, only on the assessment of fees. Thus, they did not "remove[] an invalid basis for incarcerating [the defendant], and provide[] a new and valid intervening judgment pursuant to which" Volpicelli is now being held in custody. *See Gonzalez*, 873 F.3d at 770. Also, to the extent it could possibly matter, there is no showing that the original judgment was in error with respect to the assessment of the attorney fee. In moving to have the fee removed based on his inability to pay, Volpicelli cited to his several years of incarceration as the reason he lacked the resources to pay the fee. (ECF No. 73-17 at 3.) It may well be that, at the time of the original judgment nine years earlier, the state court was justified in assessing the fee. As for the DNA testing fee, Volpicelli claimed that he had paid the fee, but that he was entitled to a refund because he had already paid the fee in a separate case. (*Id.* at 3.) At most, this was an inadvertent oversight, not something that made the initial judgment "invalid or unlawful" under Nevada law. *See Turner*, 912 F.3d at 1240 (internal quotations omitted).

Nothing in the Ninth Circuit's order excusing Volpicelli from the requirements of § 2244(b) indicates or suggests that the court of appeals engaged in the type of analysis subsequently mandated by *Gonzalez* and *Turner*. Nor is there anything in the record of the proceedings leading up to the order. *See Volpicelli v. LeGrand*, Court of Appeals Docket #: 16-71246. Accordingly, this Court concludes that reconsideration of the determination is appropriate. *See Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002) (noting that law of the case doctrine is subject to exception when "intervening controlling authority makes reconsideration appropriate"). For reasons outlined above, the 2013 amended judgment did not constitute a "new judgment" under *Magwood*.

The Court having so concluded, Volpicelli's petition herein must be construed as a challenge to his original 2004 state court judgment. Had Volpicelli filed a new petition as suggested by the Ninth Circuit's order, this Court would now dismiss it for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147 (2007). As noted above, however, the Court permitted Volpicelli to reopen proceedings on his initial petition in this case.[2] (ECF No. 20.) Further complicating matters is that, because the initial petition was submitted while the petition in case number 3:10-cv-00005-RCJ-VPC was still pending, this Court arguably should have treated it as motion to amend under *Woods. See Woods*, 525 F.3d at 890.

Even viewed in that manner, however, the only "amendments" to the then-pending petition in case number 3:10-cv-00005-RCJ-VPC proposed by Volpicelli's initial submission herein was the addition of Grounds 24 and 25. (ECF No. 6 at 2.) Grounds 1 through 23 have been adjudicated by the Court in case number 3:10-cv-00005-RCJ-VPC. Moreover, as noted above, the Ninth Circuit also concluded that all the underlying claims in the initial petition herein (ECF No. 6)—*i.e.*, Grounds 1 through 25—"failed to state any federal constitutional claims debatable among jurists of reason." (ECF No. 16; ECF No. 19 at 6-7.) Subsequent to that determination, Volpicelli amended his petition by adding Grounds 26 and 27. (ECF No. 49 at 148-84.) As discussed below, those claims are barred by the doctrine of procedural default.

## B.    TIMELINESS

Respondents argue that Volpicelli filed his initial petition herein nearly four years beyond the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year filing period for § 2254 habeas petitions in federal court. *See* 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the

---

[2]To be clear, the Court is referring to the petition received by this Court on November 13, 2014, (ECF No. 6), and filed in *this* proceeding, not the petition filed in *Volpicelli v. Palmer*, 3:10-cv-00005-RCJ-VPC.

petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *See id.* Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. *See* 28 U.S.C. § 2244(d)(2).

Respondents note that the Nevada Supreme Court affirmed Volpicelli's judgment of conviction on June 29, 2005. (ECF No. 68 at 4 (citing ECF No. 70-36).) Volpicelli did not petition the U.S. Supreme Court for *certiorari*, so, for the purposes of § 2244(d)(1), his conviction became final on September 27, 2005. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that, when no petition for *certiorari* to the United States Supreme Court is filed, direct review is considered to be final 90 days after the decision of the state's highest court). Respondents further note that the statutory period was tolled under § 2244(d)(2) from November 9, 2005, until December 29, 2009, by virtue of Volpicelli's state post-conviction proceeding. (ECF No. 68 at 4 (citing ECF Nos. 71-4 72-30).) Consequently, Volpicelli had until November 16, 2010, to file a timely petition.

Volpicelli did file a timely petition in case number 3:10-cv-00005-RCJ-VPC. That proceeding did not, however, toll the statutory period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001). And, as discussed above, the 2013 amended judgment was not a "new judgment" that would give rise to a new one-year statutory period. Thus, this Court agrees that Volpicelli filed his petition in this case well beyond the statutory period under § 2244(d).

## C.   PROCEDURAL DEFAULT

Respondents argue that all the claims the Court found unexhausted in case number 3:10-cv-00005-RCJ-VPC are barred under the doctrine of procedural default. Because the claims in this proceeding parallel those in that case, the claims to which Respondents refer are Grounds 1 through 6, part of Ground 7, part of Ground 8, part of Ground 9, part of Ground 11, Grounds 12 through 17, part of Ground 18, Grounds 19 through 22, and part of Ground 23. *See Volpicelli v. Palmer*, No. 3:10-CV-00005-LRH, 2012 WL 1816154, at *16-*17 (D. Nev. May 17, 2012).

A federal court will not review a claim for habeas corpus relief if the decision of the state court denying the claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The Court in *Coleman* stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision. *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995). A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (citation and internal quotation marks omitted).

In April 2013, Volpicelli filed a post-conviction petition in the state court containing all the claims in his then-pending federal petition in case number 3:10-cv-00005-RCJ-VPC. (ECF Nos. 73-14, 73-15.) The Nevada Court of Appeals ultimately determined that the lower court did not err in denying claims 1 through 22 of his state petition as successive under NRS § 34.810(1)(b),(2),(3). (ECF No. 75-28). The court also concluded that, although the lower court had addressed it on the merits, a claim "that defense counsel was ineffective for failing to protect him from the habitual criminal adjudication" was also procedurally barred because Volpicelli's "good cause" justification for raising the claim a second time was available to him in 2008, but he did not pursue the claim "within a reasonable time after its basis became available." (*Id.* at 2-3 (citing *Hathaway v. State*, 71 P.3d 503, 506 (Nev. 2003)).

The Ninth Circuit has long held that Nevada's application of its successiveness rule in NRS § 34.810(2) is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Volpicelli has not advanced any argument or authority challenging the adequacy of the bar. *See Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003) (holding that, once the State pleads a state procedural bar as an affirmative defense, the burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure). In addition, Volpicelli has not made a showing of cause and prejudice or established that failing to consider any of the claims would result in a fundamental miscarriage of justice. Thus, this Court concludes that the procedural default doctrine bars federal court review of the claims found unexhausted in case number 3:10-cv-00005-RCJ-VPC.

### D.      GROUNDS 24 THROUGH 27

As noted above, Grounds 24 through 27 were not included in the petition adjudicated in case number 3:10-cv-00005-RCJ-VPC. The claims are all premised on the trial court's imposition of what Volpicelli characterizes as an "illegal sentence" and/or his counsel's alleged failure to protect him from same. (ECF No. 49 at 138-83.) Respondents argue that the claims are either redundant of Grounds 6 and 18, unexhausted in state court, or procedurally defaulted.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust his Nevada remedies, Volpicelli had to give the Nevada courts a "fair opportunity" to act on his constitutional claims before presenting them to the federal courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

Volpicelli insists that Grounds 24 through 27 were exhausted in his last state post-conviction proceeding. (ECF No. 78 at 11-14.) All four of the "grounds" are essentially

10

variations on two core claims: (1) the state court violated Volpicelli's right to equal protection and due process by sentencing him under the habitual criminal statute; and (2) he was deprived of effective assistance of counsel because his attorneys allowed it to happen. (ECF No. 49 at 138-83.) While he did not present claims identical to those now alleged as Grounds 24 through 27, he fairly presented the substance of the claims to the Nevada courts in his last state post-conviction proceeding. (ECF Nos. 73-14, 73-15, 74-32, 75-18). *See Picard v. Connor,* 404 U.S. 270, 278 (1971) (providing that the exhaustion requirement is satisfied where claims are substantially equivalent).

That being the case, the claims are procedurally defaulted for the reasons discussed in Section III(c) above. Volpicelli suggests the underlying claims are sufficient to establish his actual innocence with respect to his habitual criminal sentence such that the Court's failure to consider the claims would result in a fundamental miscarriage of justice (ECF No. 78 at 11-12). *See Schlup v. Delo*, 513 U.S. 298, 314 (1995).

While the Nevada Supreme Court did determine that the trial court erred with respect to one of the convictions used to adjudicate Volpicelli a habitual criminal, it concluded that the error was harmless because, even after discounting the improper conviction, the State presented a sufficient number of past felony convictions to sustain the enhancement. (ECF No. 72-28 at 3-5.) Because the record plainly establishes that he was eligible for the habitual criminal sentence notwithstanding the error, Volpicelli cannot show actual innocence with respect to his sentence. *See United States v. Maybeck*, 23 F.3d 888, 894 (4th Cir. 1994) (holding that the actual innocence exception, while applicable to non-capital sentencing, is not available if the defendant was not prejudiced by the sentencing error).

Volpicelli has not demonstrated that his default should be excused. Thus, to the extent they are not redundant of claims raised elsewhere in his amended petition, Grounds 24 through 27 are barred by the doctrine of procedural default.

//

//

11

**E. RES JUDICATA**

Respondents argue that the principles of res judicata should bar the re-litigation of claims this Court has already adjudicated on the merits—*i.e.*, ineffective assistance of counsel claims in Grounds 7, 8, 9, 11, and 18(b). However, despite a suggestion to the contrary in this Court's order to show cause (ECF No. 20 at 2), the abuse-of-the-writ doctrine and the bar on "second or successive" applications leave little room in habeas corpus proceedings for application of the traditional res judicata doctrine. *See Schlup*, 513 U.S. at 317-23; *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 538 (9th Cir. 1998). Nonetheless, the claims at issue are either barred as untimely to the extent this is a separate proceeding from case number 3:10-cv-00005-RCJ-VPC or they are denied on the merits for the reasons provided by the Court in denying relief in that proceeding.[3]

**F. PETITIONER'S JURISDICTIONAL ARGUMENT**

Volpicelli's response to Respondents' motion to dismiss relies primarily on an argument that his petition in case number 3:10-cv-00005-RCJ-VPC was "premature" and that, as a result, this Court lacked jurisdiction to adjudicate it. (ECF No. 78.) This argument appears to be premised on the assertion that the federal court was without habeas jurisdiction until the state district court entered an order on March 8, 2016, (ECF No. 74-30), adjudicating a claim that been included in Volpicelli's 2005 state petition, but had been overlooked by the state court in that proceeding.[4]

Volpicelli cites to no controlling legal authority to support this argument and this Court can discern no theory upon which it might be valid.

///

---

[3]In addition, the Court again notes that the Ninth Circuit, in denying a COA, determined that Grounds 1 through 25, "fail[ed] to state any federal constitutional claims debatable among jurists of reason." (ECF No. 16 (citing 28 U.S.C. § 2253(c)(2)-(3); *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012)).

[4]The claim at issue is the claim that defense counsel was ineffective for failing to protect Volpicelli from the habitual criminal adjudication—*i.e.*, the same claim the Nevada Court of Appeals subsequently determined to be procedurally defaulted because Volpicelli did not pursue it "within a reasonable time after its basis became available." (ECF No. 74-30; ECF No. 75-28 at 2-3.)

# IV. CERTIFICATE OF APPEALABILITY

This is a final order adverse to Volpicelli. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this Court to issue or deny a COA. Accordingly, the Court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the Court's procedural ruling was correct. *See id.*

Having reviewed its determinations and rulings in adjudicating Volpicelli's petition, the Court declines to issue a certificate of appealability for its resolution of any procedural issues or any of Volpicelli's habeas claims.

# V. CONCLUSION

For the reasons discussed above, all of the claims in Volpicelli's amended petition (ECF No. 49) are either procedurally defaulted, untimely, and/or have been denied on the merits. Thus, the Court will grant Respondents' motion to dismiss the petition.

It is therefore ordered that Respondents' motion to dismiss (ECF No. 68) is granted. The amended petition for writ of habeas corpus (ECF No. 49) is dismissed.

It is further ordered that a certificate of appealability is denied.

It is further ordered that the Clerk of Court is directed to enter judgment accordingly and close this case.

///

///

///

It is further ordered that Respondents' motions for extension of time (ECF Nos. 79, 80) are granted *nunc pro tunc* as of their respective filing dates.

DATED THIS 18th day of February 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE