UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FERRILL J. VOLPICELLI,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br>RENEE BAKER, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 3:14-cv-00579-MMD-CLB<br><br>ORDER |

On February 18, 2020, this Court entered a final order and judgment dismissing the amended petition for writ of habeas corpus (ECF No. 49) in this case. (ECF Nos. 83, 84.) Petitioner then filed a motion for reconsideration (ECF No. 85), a motion for leave to file a memorandum of points and authorities (ECF No. 86), a motion for extension of time (ECF No. 87), a motion for leave to appeal *in forma pauperis* (ECF No. 88), and a motion for appointment of counsel (ECF No. 89). For reasons that follow, all the motions are denied except for the motion for leave to appeal *in forma pauperis*.

Petitioner identifies Fed. R. Civ. P. 59 as the basis for his motion for reconsideration. (ECF No. 85 at 1.) Reconsideration under Rule 59 is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.*

With his motion, Petitioner fails to present a claim that he is entitled to relief for one of these reasons. Instead, Petitioner appears to assume that he will be permitted to develop his arguments in support of reconsideration at some point in the future with the assistance of appointed counsel. Petitioner's only reference to a claimed error is a vague

and unsupported assertion that his claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is not subject to procedural default. (ECF No. 85 at 2.)

Petitioner's motion for reconsideration fails to meet the particularity requirement imposed by Fed. R. Civ. P. 7(b)(1). In addition, this Court lacks authority to extend Petitioner's deadline for seeking relief under Rule 59. *See* Fed. R. Civ. P. 6(b)(2). Accordingly, Petitioner is not permitted to cure his failure to state a ground for relief in his initial motion. *Cf. Roy v. Volkswagenwerk Aktiengesellschaft*, 781 F.2d 670, 670 (9th Cir. 1985) (per curiam) (holding that, where a party specifies a ground for a timely motion, a supplemental document filed outside the deadline can furnish the necessary particularity); *see also Lewis v. County of San Diego*, 798 F. App'x 58, 61 (9th Cir. 2019) (holding that brief filed after Rule 59 deadline could not cure failure to state any ground for the initial motion).

As result, this Court must deny Petitioner's motions for reconsideration, for leave to file a memorandum of points and authorities, and for extension of time. Petitioner's motion for leave to appeal *in forma pauperis* will be granted because it demonstrates he lacks the resources to pay the required fee. *See* 28 U.S.C. § 1915. The motion will be also construed as a notice of appeal because it (1) demonstrates an intent to appeal, (2) was served upon the Respondents, and (3) was timely filed. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986).

It is therefore ordered that Petitioner's motion for reconsideration (ECF No. 85), motion for leave to file a memorandum of points and authorities (ECF No. 86), and motion for extension of time (ECF No. 87) are denied.

It is further ordered that Petitioner's motion for leave to appeal *in forma pauperis* (ECF No. 88) is granted. The motion is also construed as a notice of appeal. The Clerk of the Court is directed to process the appeal accordingly.

///

///

///

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 89) is denied without prejudice to renewing it directly in the Ninth Circuit.

DATED THIS 5th day of August 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE