UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FERRILL J. VOLPICELLI,<br><br>                 Petitioner,<br>    v.<br>RENEE BAKER, *et al.*,<br><br>                Respondents. | Case No. 3-14-cv-00579-MMD-CBC<br><br>ORDER |

On February 18, 2020, the Court entered a final order and judgment dismissing Petitioner Ferrill Volpicelli's amended petition for writ of habeas corpus (ECF No. 49) in this case.[1] (ECF Nos. 83, 84.) On appeal, the Ninth Circuit Court of Appeals denied Volpicelli's request for a certificate of appealability. (ECF No. 103.) On April 5, 2021, Volpicelli filed a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 106). For reasons that follow, Volpicelli's motion is denied.

As the basis for his Rule 60(b) motion, Volpicelli claims that jurisdictional defects within his state habeas proceedings undermine the validity of this Court's adjudication of his federal habeas petitions. Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Because Volpicelli seeks relief under subsection (b)(6), Volpicelli must make a showing of "extraordinary circumstances," which "will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). While not subject to a specific time limit, a party who seeks under Rule 60(b)(6) must act within a "reasonable time." *See Bynoe v. Baca*, 966 F.3d 972, 980 (9th Cir. 2020) (citing Fed. R. Civ. P. 60(c)(1)).

---

[1] Volpicelli's previous petition under 28 U.S.C. § 2254 with respect to the same conviction was denied on the merits in 2015. *See Volpicelli v. Palmer*, Case No. 3:10-cv-00005-RCJ-VPC, (ECF Nos. 58, 59).

Here, Volpicelli does not identify any extraordinary circumstances other than the supposed "jurisdictional defects" in the state court habeas proceedings. With his motion, Volpicelli concedes he "has been diligently litigating his extraordinary circumstances within the federal habeas proceedings for over a decade." (ECF No. 106 at 3.) To the extent Volpicelli presents new arguments or claims with his Rule 60(b) motion, Volpicelli offers no justification for not raising them with this Court or the Ninth Circuit in his prior federal proceedings. Therefore, Volpicelli's Rule 60(b) motion is without merit and will be denied. *See Schanen v. United States Dep't of Just.*, 762 F.2d 805, 807-08 (9th Cir. 1985), *reaff'd as modified*, 798 F.2d 348 (9th Cir. 1986) (new arguments which a party could have raised prior to entry of the underlying judgment do not warrant relief under Rule 60(b)(6)).

It is therefore ordered Volpicelli's motion for relief from judgment under Fed. R. Civ. P. 60(b) (ECF No. 106) is denied.

It is further ordered that Volpicelli's motion for appointment of counsel (ECF No. 105) and motion to stay proceedings (ECF No. 115) are denied as moot.

It is further ordered that all pending motions for extension of time (ECF Nos. 107, 108, 109, 110, 113, 117, 118) are granted *nunc pro tunc* as of their respective filing dates.

It is further ordered that Volpicelli's motion to order clerk to provide the filed ECFs to Petitioner (ECF No. 120) is granted. The Clerk of Court is directed to electronically deliver ECF Nos. 115 and 119 to Volpicelli at lcclawlibrary@doc.nv.gov.

DATED THIS 28th Day of September 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE