UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FERRILL J. VOLPICELLI,<br><br>              Petitioner,<br>    v.<br><br>RENEE BAKER, *et al.*,<br><br>              Respondents. | Case No. 3:14-cv-00579-MMD-CLB<br><br>ORDER |

On February 18, 2020, the Court entered a final order and judgment dismissing Petitioner Ferrill Volpicelli's amended petition for writ of habeas corpus (ECF No. 49) in this case.[1] (ECF Nos. 83, 84.) On appeal, the Ninth Circuit Court of Appeals denied Volpicelli's request for a certificate of appealability ("COA"). (ECF No. 103.) On September 28, 2021, this Court denied Volpicelli's motion for relief under Fed. R. Civ. P. 60(b). (ECF No. 121.) Before the Court now is Volpicelli's motion to alter or amend judgment under Fed. R. Civ. P.59(e). (ECF No. 125 ("Motion").) For reasons that follow, the Motion is denied.

With his Rule 60(b) motion, Volpicelli argued that jurisdictional defects within his state habeas proceedings undermine the validity of this Court's adjudication of his federal habeas petitions. (ECF No. 106.) In denying that motion, the Court noted that Volpicelli failed to show the extraordinary circumstances necessary for Rule 60(b) relief because, based on his own admission, he had previously presented his "jurisdictional defects" argument in his federal habeas proceedings. (ECF No. 121 at 2.) The Court further reasoned that, to the extent he may be attempting to raise new arguments, Volpicelli failed

---

[1] Volpicelli's previous petition under 28 U.S.C. § 2254 with respect to the same conviction was denied on the merits in 2015. *See Volpicelli v. Palmer*, Case No. 3:10-cv-00005-RCJ-VPC, ECF Nos. 58, 59 (D. Nev. Apr. 30, 2015).

to provide any justification for not raising them in his prior federal proceedings. (*Id.*) Now, with his Rule 59(e) Motion, Volpicelli insists that he is not seeking relief based on any new arguments but claims that this Court "overlooked facts in the record which demonstrate that there are extraordinary circumstances." (ECF No. 125 at 3.)

Volpicelli contends that two grounds in his 2005 state habeas petition—Grounds 12 and 23—were never adjudicated by the state district court. (*Id.* at 3-8.) Volpicelli argues that, as a result, the Nevada Supreme Court lacked jurisdiction to decide his appeal of the state district court's denial of the petition. (*Id.*) According to Volpicelli, all of the claims presented to this Court in his federal petitions were unexhausted, which, in turn, made this Court's adjudication of the claims a nullity. (*Id.*)

Volpicelli contends that he has advanced this argument throughout his federal habeas proceedings. (*Id.*) Be that as it may, the Ninth Circuit determined, in denying a COA, that Volpicelli's "underlying 28 U.S.C. § 2254 petition fails to state any federal constitutional claims debatable among jurists of reason." (ECF No. 103.) By focusing on the underlying constitutional claims, rather than this Court's procedural holdings, the Ninth Circuit adjudicated Volpicelli's petition on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485 (2000) ("Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding.") This Court cannot grant relief if a petitioner has previously filed an application for habeas relief under § 2254 which has been denied on the merits. *See* 28 U.S.C. § 2244(b)(1). Indeed, this Court is without jurisdiction to consider Volpicelli's habeas petition unless he obtains leave from the court of appeals. *See* 28 U.S.C. § 2244(b)(1); *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

It is therefore ordered that Volpicelli's motion to alter or amend judgment under Fed. R. Civ. P. 59(e) (ECF No. 125) is denied.

It is further ordered that a certificate of appealability is denied as jurists of reason would not find it debatable whether this Court erred in denying post-judgment relief.

It is further ordered that Volpicelli's motion for extension of time (ECF No. 122) is denied as moot.

It is further ordered that Volpicelli's motion for the Clerk of Court to electronically serve filed documents (ECF No. 124) is denied without prejudice to Volpicelli identifying the specific documents he is requesting in this case.[2]

DATED THIS 24th Day of February 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court is unable to discern what documents, if any, Volpicelli is requesting in this case as opposed to Case No. 3:10-cv-00005-RCJ-VPC, referenced in footnote 1 of this order.